UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PROJECT ON GOVERNMENT OVERSIGHT, INC.**<br>1100 13th Street, NW<br>Suite 800<br>Washington, DC 20005<br><br>        **Plaintiff**,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 220 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Project On Government Oversight, Inc. ("POGO") challenges the failure of the Federal Bureau of Investigation ("FBI"), a component of the United States Department of Justice ("DOJ"), to provide POGO with all non-exempt documents responsive to a FOIA request POGO filed with DOJ seeking records concerning, *inter alia*, specified categories of FBI employees who began their employment on or after January 20, 2025.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue lies in this district under 5.U.S.C. § 552(a)(4)(B).

**PARTIES**

4. Plaintiff POGO is a nonpartisan independent organization based in Washington, D.C. and organized under section 501(c)(3) of the Internal Revenue Code. Founded in 1981, POGO champions reforms to achieve a more effective, ethical, and accountable federal government that safeguards constitutional principles. POGO's investigators and journalists take leads and information from insiders and verify the information through investigations using FOIA, interviews, and other fact-finding strategies. POGO's investigative work has been recognized by Members of Congress, executive branch officials, and professional journalism organizations. For instance, in 2015, POGO won the Robert D.G. Lewis Watchdog Award, the Society of Professional Journalists Washington, D.C. Professional Chapter's highest journalistic award, for reporting on the Department of Justice's opaque system for handling allegations of attorney misconduct within its ranks. In 2018, POGO won an award from the Society for Advancing Business Editing & Writing for its investigative series scrutinizing the government's oversight of offshore drilling. In 2025, POGO won third place in the Society for Features Journalism's narrative podcast category for its most recent season of its investigative podcast series that examined the Department of Homeland Security's focus on immigrants and neglect of the threat of domestic violent extremism. POGO extensively used records obtained under FOIA for all these investigations.

5. Defendant DOJ and its subcomponent FBI are federal agencies within the meaning of FOIA. 5 U.S.C. § 552(f), and have possession, custody, and control of the records POGO seeks in this action.

## STATUTORY BACKGROUND

6. FOIA requires federal agencies, upon request, to make records "promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless one or more specific statutory exemptions apply.

7. The agency must provide the public records when they are requested in order "to ensure an informed citizenry, vital to the functioning democratic society." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978).

8. For non-expedited requests an agency must make a determination on a FOIA request within twenty business days and notify the requester of which of the requested records it will release, which it will withhold, and why, and the requester's right to appeal the determination to the agency head. 5 U. S.C. § 552(a)(6)(A)(i).

9. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at § 552(a)(6)(E)(v)(II).

10. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). DOJ regulations mirror this requirement. 28 C.F.R. § 16.5(e)(4).

11. Agency decisions to deny a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii). The twenty-day deadline for an agency to make a determination on a request

3

begins on the earlier of: (l) the date "the request is first received by the appropriate component of the agency" or (2) "ten days after the request is first received by any component of the agency that is designated in the agency's regulations . . . to receive [FOIA] requests." 5 U.S.C. § 552(a)(6)(A)(ii).

12. The FOIA grants requesters the right to administratively appeal any adverse determination an agency makes on their FOIA request. 5 U.S.C. § 552(a)(6)(A). Subject to some exceptions not applicable here, a requester must exhaust administrative remedies before filing suit in federal district court.

13. If an agency does not respond to a FOIA appeal by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. §§ 552(a)(6)(C)(i).

## FACTUAL BACKGROUND

14. On February 3, 2025, Nick Schwellenbach on behalf of Plaintiff POGO sent a FOIA request to DOJ's Justice Management Division ("JMD") via the online portal FOIA.gov. The FOIA request specifically sought:

(1) Records documenting all noncareer and limited-term senior executives, special government employees, and Schedule C employees (including Temporary Transition Schedule C employees) who began on or after January 20, 2025;

(2) All 287e reports, ethics agreements, ethics waivers, individual position descriptions, and resumes for all noncareer and limited-term senior executives who began on or after January 20, 2025; and

4

(3) All ethics agreements, ethics waivers, individual position descriptions, and resumes for all special government employees and Schedule C employees (including Temporary Transition Schedule C employees) who began on or after January 20, 2025.

15. For the first requested category POGO explained that records that could satisfy this request could include an agency listing of all these employees, SF-50s, and/or OPM Form 1019s, and that this list is not meant to be exhaustive but illustrative of the types of records that could fulfill this request.

16. POGO requested that it be granted a fee waiver because the subject of its request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of political appointees and advisors in DOJ, including how ethics restrictions are being applied. Moreover, the request primarily and fundamentally is for non-commercial purposes. As POGO explained, there is a public interest in the ethical operation of the federal government, especially how high-level personnel in decision-making and advisory roles are complying with ethics laws and rules and whether they have any conflicts of interest. The records sought will shed significant public light on and contribute to the public's understanding since the records requested are not public and the federal government has not proactively made this information available.

17. POGO further requested that it not be charged search or review fees as a member of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II). POGO routinely and systematically disseminates information to thousands of concerned citizens, policymakers, and the media via its web site, http://www.pogo.org, which receives approximately 130,000 hits and 80,000 unique visitors monthly. Mr. Schwellenbach, in particular, has a long track record as a journalist publishing stories both on POGO's website and in other publications.

18. POGO also sought expedited processing of its request. POGO explained that there is an urgency to inform the public about the staffing of the Department of Government Efficiency (DOGE) teams and other advisors and political appointees because there is an extraordinarily high-level of public concern that they are taking actions that pose ethical questions given Elon Musk's business interests as well as concerns that actions are being taken that undermine statutory law, that the effective operations of agencies are being undermined, and that put at risk sensitive information. The records requested will shed light on the individuals operating at high levels within the agency, including on its DOGE team, such as their qualifications, how their jobs are described, and whether any potential ethical conflicts have been identified.

19. On February 4, 2025, JMD advised POGO it had received POGO's request and assigned it to the complex track.

20. By email dated May 15, 2025, JMD asked POGO if it would like to modify the scope of its request, explaining, for example, that if POGO modified the request to only the first part for the lists of employees then JMD could get POGO a response much sooner. In a follow-up email of that same date POGO agreed to the proposed modification.

21. By email dated May 21, 2025, JMD advised POGO that it had conducted a search and located responsive records that were of primary interest to the Antitrust Division; Civil Division; Civil Rights Division; Environment and Natural Resources Division; Federal Bureau of Investigation; Office of Legal Counsel; Office of the Solicitor General; and Office of Information Policy, which handles FOIA requests for the Department's Senior Leadership Offices. JMD referred POGO's request to these DOJ components along with a list of their

respective employees to the appropriate component FOIA offices for processing and a direct response to POGO.

22. By letter dated May 22, 2025, the FBI advised POGO that as to the records responsive to POGO's request that JMD had referred to the FBI, it was withholding them in their entirety pursuant to FOIA exemptions (b)6, (b)(7)(C), and (b)(7)(E). The FBI further stated that POGO could file any appeal of this determination with DOJ's Director of the Office of Information Policy ("OIP").

23. On July 7, 2025, POGO filed an appeal of the FBI's determination with the Director of OIP. POGO explained that providing these records is not an unwarranted invasion of privacy as protected by exemptions (b)(6) and (b)(7)(C) given that the records sought are about senior FBI officials and others in the Bureau's top echelons, many of whom are identified on the FBI's public-facing website. If there is any sensitive information in the records it can be redacted, as is normal practice under the FOIA. Here, however, the FBI is withholding everything in full, which the FOIA does not permit.

24. As to the FBI's invocation of Exemption (b)(7)(E), POGO explained that the requested FBI records are personnel in nature and are typical of records compiled at any agency across the federal government. As such, they were not "compiled for law enforcement purposes," as exemption (b)(7) requires. Further, FBI personnel records detailing its political appointees and special government employees do not "disclose technique and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law," the predicate of exemption (b)(7)(E).

25. To date Plaintiff has not received any determination from DOJ on its appeal. Under U.S.C. § 552(a)(6)(C)(i), Plaintiff has now effectively exhausted all applicable administrative remedies with respect to its request.

## PLAINTIFF'S CLAIM FOR RELIEF
### (Wrongful Withholding of Non-Exempt Records)

26. Plaintiff repeats and re-alleges paragraphs 1-25.

27. Plaintiff properly asked for records within the custody and control of DOJ and its subcomponent FBI.

28. Defendant DOJ and its subcomponent FBI wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for making a determination on Plaintiff's July 7, 2025 appeal and failing to provide the requested documents.

29. Plaintiff POGO is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its February 3, 2025 FOIA request at no cost to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Order Defendant to immediately and fully process plaintiff's February 3, 2025 FOIA request and to disclose all non-exempt documents immediately and at no cost to Plaintiff;

(2)     Issue a declaration that Plaintiff is entitled to the immediate processing and disclosure of the requested records at no cost to Plaintiff;

(3)     Retain jurisdiction of the action to ensure no agency records are wrongfully withheld;

(4)     Award Plaintiff its costs and reasonable attorney's fees in this action; and

(5)     Grant such other relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/Anne L. Weismann<br>Anne L. Weismann<br>(D.C. Bar No. 298190)<br>5335 Wisconsin Avenue, NW<br>Suite 640<br>Washington, DC 20015<br>(301) 717-6610<br>Weismann.anne@gmail.com |
| Dated: August 27, 2025 | *Attorney for Plaintiff* |